UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH HOPPENS, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-14-2393 |
| K&G MEN'S COMPANY, INC., and K&G MEN'S COMPANY, INC., D/B/A K&G FASHION SUPERSTORE, | § § § § | |
| *Defendants*. | § § | |

## ORDER

Pending before the court is plaintiff Kenneth Hoppens' opposed motion for conditional certification of a Fair Labor Standards Act ("FLSA") collective action and notice to potential class members. Dkt. 17. After reviewing the motion, response, reply, other relevant filings, and applicable law, the court is of the opinion that Kenneth Hoppens' motion for conditional certification should be GRANTED.

### I. BACKGROUND

This is an FLSA overtime case. Plaintiff Kenneth Hoppens ("Hoppens") was an Assistant Store Manager for Defendants K&G Men's Company, Inc. and K&G Men's Company, Inc., d/b/a K&G Fashion Superstore ("K&G"). Dkt. 1. Hoppens claims that his manager at K&G instructed him to only work "on-the-clock" 40 hours a week, while he actually worked between 60-70 hours per week. *Id.* Additionally, Hoppens contends that he did not receive any overtime pay for the 20-30 hours of "off-the-clock" work that he completed each week. *Id.* He also claims that there are

other similarly situated Assistant Store Managers that likewise did not receive overtime pay to which they were entitled. *Id.*

Hoppens filed suit under the FLSA for overtime violations and retaliation. *Id.* He asserts his overtime claim on behalf of himself and similarly situated employees. *Id.* Hoppens now moves for conditional certification so that he may issue notice to current and former Assistant Store Managers at K&G's stores across the nation about their right to opt-in to the class. Dkt. 17 at 1-2.

K&G responded to the motion claiming that only Hoppens' manager violated company policy by making the personal decision to encourage him to only record 40 hours a week and to work off the clock for the rest. Dkt. 20. K&G further contends that there are not other similarly situated Assistant Store Managers who have faced the same issue. *Id.* Additionally, K&G claims that class treatment is inappropriate because Hoppens' job duties were different from other Assistant Store Managers, and he worked significantly more hours than the others. *Id.*

## II. LEGAL STANDARD

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Employees who wish to participate in a § 216(b) collective action must affirmatively "opt-in" by filing a written consent to become a party with the court. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c); in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt out" of the suit if

they do not wish to participate. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a § 216(b) action, but most federal courts (including this court) have adopted the *Lusardi* test. *See Mooney*, 54 F.3d at 1214 (discussing but declining to adopt the test applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)); *Badgett v. Tex. Taco Cabana, L.P.*, No. H-05-3624, 2006 WL 2934265, at *1-2 (S.D. Tex. Oct. 12, 2006). Under the *Lusardi* test, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis. *Mooney*, 54 F.3d at 1213.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Badgett*, 2006 WL 2934265, at *1. At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members. *See Mooney*, 54 F.3d at 1213. The decision is made using a "fairly lenient standard," because the court often has minimal evidence at this stage of the litigation. *Id.* at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan . . . ." *Id.* (quoting *Sperling*, 118 F.R.D. at 407). Thus, notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006 WL 2934265, at *1. After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.

After notice issues, the action proceeds as a representative action. *See id.* The second stage of the *Lusardi* approach—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete.

3

*Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

### III. ANALYSIS

*A.     First Stage*

While the notice stage standard is lenient, it is not automatic. *Badgett*, 2006 WL 2934265, at *2. The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt-in to the lawsuit." *Maynor v. Dow Chem. Co.*, No. G-07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (referencing *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007), and *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007)).

   *1.     Aggrieved Individuals*

In his sworn deposition testimony, Hoppens claims that there are at least eight other individuals who were employed by K&G in the same or similar position and were not paid overtime. Dkt. 17 at 9. Hoppens has further provided the court with signed notice of consent forms from three individuals and affidavits from two of those same individuals. Dkts. 12, 13, 15. The notice of consent forms provide that the individuals "consent to be a party plaintiff" in a collective action to

collect damages, including unpaid wages. *Id.* The affidavits provide that the individuals worked more than 40 hours a week as Assistant Store Managers for K&G and were not paid for their "off the clock" work. Dkt 24-1. This evidence provides a reasonable basis for crediting the assertion that other aggrieved individuals exist.

K&G asserts that the court should not consider the consent forms and affidavits because they were not referenced in Hoppens' motion for conditional certification of the class and were only referenced in his reply. Dkt. 27 at 1. However, the notice of consent forms were filed in the record before Hoppens even moved for conditional certification. Dkts 12, 13, 15. The correlating affidavits that were submitted after K&G submitted their response were from two of the same people who submitted a notice of consent. K&G had sufficient notice of this evidence of other potentially aggrieved individuals for this point in the case, and the court will consider the evidence. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004) (finding that as long as the nonmovant is given adequate time to respond, the court may "rely on arguments and evidence presented for the first time in a reply brief"); *see also Eagle TX I SPE, L.L.C. v. Sharif & Munir Enter., Inc.*, 602 F. Appx 576 (5th Cir. 2015) (finding that it is the court's discretion whether or not to allow evidence in a reply brief).

  2.  *Similarly Situated*

A court may deny conditional certification and notice "'if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Id.* (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). However, the court "'need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated.'" *Id.* (quoting *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 106 (D. Conn. 2007)). The "remedial nature of the FLSA and the purposes

of Section 216 militate strongly in favor of allowing cases to proceed collectively." *Roussell v. Brinker Int'l, Inc.*, No. H-05-3733, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008).

Hoppens asserts that he performed duties that were typical of the members of his proposed class. Dkt. 24 at 2. He also claims that all Assistant Store Managers were similarly situated regarding their pay provisions, job title, and job duties. *Id.* Hoppens further asserts that the hours each employee worked is only relevant in determining damages, not liability, and even though the amount of hours he worked may have been greater than the hours worked by the other class members, they are still similarly situated. *Id.* Hoppens finally alleges that the three notice of consent forms and two affidavits filed with the court provide enough evidence to show that K&G had unlawful policies in place. *Id.*

K&G asserts that Hoppens failed to point out a specific policy held by the company that violates the FLSA. Dkt 20 at 7. K&G also asserts that Hoppens' specific manager encouraged him to work off the clock on her own, not as a part of a company-wide policy. *Id.* K&G further claims that Hoppens is not similarly situated to other Assistant Store Managers because he worked significantly more hours and performed different duties. *Id.* Finally, K&G argues that the affidavits Hoppens provided as evidence to show that there are other similarly situated individuals are not sufficient because neither potential plaintiff explained their job duties in the affidavit. Dkt. 27.

At the outset, it is unnecessary for Hoppens to point out a specific policy used by K&G that violated the FLSA. *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 536 (S.D. Tex. 2008) (finding that it was adequate for plaintiff to show that defendant had a general policy of assigning Assistant Store Managers tasks that could not be completed within 40 hours). Together the evidence shows that employees shared the title of Assistant Store Manager, were all hourly employees who were eligible for overtime pay if their work exceeded forty hours a week, and all worked more than forty

hours a week regularly without being paid for their "off the clock" work. At this point, Hoppens has provided enough evidence to show that the potential plaintiffs are similarly situated. Although Hoppens may have worked more hours and performed some different duties than the other Assistant Store Managers, he is still similarly situated to the individuals who have submitted affidavits. *Id.* (finding that it is not necessary to show that employees performed identical duties and worked in identical conditions when the court granted plaintiff's motion for conditional certification after it was shown that there were other similarly situated plaintiffs who were not paid for their off the clock work).

After considering the notice of consent forms by the four named K&G Assistant Store Managers including one by Hoppens, and three sworn affidavits including one by Hoppens, the court finds that Hoppens has presented enough evidence to show that there are other aggrieved individuals who are similarly situated to him, considering the claims and defenses asserted.

    3.    *Desire To Opt-In*

Hoppens alleges that the third element of the *Lusardi* approach should not apply and K&G has not made any arguments in opposition. Dkt. 17 at 11. Some courts in the Southern District have found that the third element is not required. *See, e.g.*, *Luvianos v. Gratis Cellular, Inc.*, 2012 WL 6737498, at *5 (S.D. Tex. Dec. 10, 2012) (finding that "[p]laintiffs need not present evidence of the third element at this stage of the certification process" because the element has not been required by any higher court, it is not a statutory requirement, and the FLSA is required to be "liberally construed to effect its purposes"). However, the court need not address that issue because Hoppens has provided sufficient evidence to meet this element. The three notices of consent besides Hoppens' that already in the record and Hoppens' sworn deposition testimony that he believes at least eight

similarly situated plaintiffs will want to opt-in, provide enough evidence to show that there are other aggrieved individuals who want to opt-in to the lawsuit.

### IIV. CONCLUSION

For the foregoing reasons, Hoppens' motion for conditional class action certification is GRANTED. Within fourteen (14) days of the date of this order, K&G shall provide Hoppens' counsel a list of all individuals who have worked for K&G as an Assistant Store Manager from three years prior to the date of this order to the date of this order. The list shall only include the individuals' names and addresses. Also within fourteen (14) days of the date of this order, the parties are ordered to meet and confer about the language and timing of the notice. The parties are to file an agreed notice form with the court within twenty one (21) days of the date of this order. If the parties cannot agree to a notice form, Hoppens' counsel shall file its proposed notice form with the court within twenty one (21) days of the date of this order, and K&G shall respond with its objections within seven (7) days after the notice is filed.

It is so ORDERED.

Signed at Houston, Texas on July 24, 2015.

_____
Gray H. Miller
United States District Judge